# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,

v.

One Hundred Thousand
Dollars ($100,000.00) U.S. Currency;
Seventy-Seven Thousand One
Hundred Fifty-Two Dollars
($77,152.00) U.S. Currency; Eight
Thousand Two Hundred Ten Dollars
($8,210.00) U.S. Currency; Four
Thousand Three Hundred Ninety
Dollars ($4,390.00) U.S. Currency;
Two Hundred Forty-Nine Thousand
Eight Hundred Twenty Dollars
($249,820.00) U.S. Currency;
One (1) Kimber PRO TLE II .45 Caliber
Pistol Ser No: KR100106; One (1)
45 Caliber Magazine; Eight (8) Rounds
of .45 Caliber Ammunition; One (1)
Smith & Wesson 29 Limited .44 Caliber
Revolver Ser No: CLJ0116; Six (6) Rounds
of .44 Caliber Ammunition; One (1)
North American Arms NAA .22 Caliber
Revolver Ser No: E037077; Five (5)
Rounds of .22 Caliber Ammunition;
One (1) FNH Five Seven
5.7x28mm Pistol Ser No: 386346562;
Two (2) 5.7x28mm Magazines; Forty-Six

Civil No.
Honorable
Magistrate

1

(46) Rounds of 5.7x28mm Ammunition;
One (1) Beretta 3032 Tomcat .32 Caliber Pistol
Ser No: DAA209357; One (1).32 Caliber
Magazine; Seven (7) Rounds of .32 Caliber
Ammunition; One (1) Kimber Ultra Carry II
.45 Caliber Pistol Ser No: KU115914;
One (1).45 Caliber Magazine; Seven (7) Rounds
of .45 Caliber Ammunition; One (1) 14kt
yellow gold nugget style bracelet; One (1)14kt
yellow gold nugget design diamond ring set with
15 round brilliant cut diamonds; One (1)
Rolex 218238 Day-Date 18K Yellow Gold
Automatic Watch; One (1) 10k yellow
gold stamped chain with cross pendant
149 round brilliant cut diamonds 21.00 carats;
and One (1) 10k yellow gold tested chain
714 round brilliant cut diamonds estimated
19.00 carats;

Defendants *in Rem*,

_____/

## COMPLAINT FOR FORFEITURE

NOW COMES Plaintiff, the United States of America, by and

through Saima S. Mohsin, Acting United States Attorney for the

Eastern District of Michigan, and Catherine Morris, Assistant United

States Attorney, and states upon information and belief in support of

this Complaint for Forfeiture *in rem* that:

## JURISDICTION AND VENUE

1.     This is an *in rem* civil forfeiture action pursuant to 18 U.S.C.

2

§ 983(a)(3)(A) and 21 U.S.C. §§ 881(a)(6) and (11) resulting from violations of 21 U.S.C. § 841(a)(1). This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

2.     This Court has jurisdiction over this forfeiture action, pursuant to 28 U.S.C. § 1355(b)(1)(A), as the acts giving rise to the forfeiture occurred in the Eastern District of Michigan.

3.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the Government's claims occurred in the Eastern District of Michigan.

4.     Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(a), (b) as the Defendants *in rem* were found and seized in the Eastern District of Michigan.

## DEFENDANTS *IN REM*

5.     The Defendants *in rem* consist of:

a) One Hundred Thousand Dollars ($100,000.00) U.S. Currency seized on or about August 5, 2020 by Special Agents of the DEA;

b) Seventy-Seven Thousand One Hundred Fifty-Two Dollars ($77,152.00) U.S. Currency seized on or about March 30, 2021 by Special Agents of the DEA;

3

c) Eight Thousand Two Hundred Ten Dollars ($8,210.00) U.S. Currency seized on or about March 30, 2021 by Special Agents of the DEA;

d) Four Thousand Three Hundred Ninety Dollars ($4,390.00) U.S. Currency seized on or about March 30, 2021 by Special Agents of the DEA;

e) Two Hundred Forty-Nine Thousand Eight Hundred Twenty Dollars ($249,820.00) U.S. Currency seized on or about March 30, 2021 by Special Agents of the DEA;

f) One (1) Kimber PRO TLE II .45 Caliber Pistol Ser No: KR100106; 45 Caliber Magazine seized on or about March 30, 2021 by Special Agents of the DEA;

g) Eight (8) Rounds of .45 Caliber Ammunition seized on or about March 30, 2021 by Special Agents of the DEA;

h) One (1) Smith & Wesson 29 Limited .44 Caliber Revolver Ser No: CLJ0116 seized on or about March 30, 2021 by Special Agents of the DEA;

i) Six (6) Rounds of .44 Caliber Ammunition seized on or about March 30, 2021 by Special Agents of the DEA;

j) One (1) North American Arms NAA .22 Caliber Revolver Ser No: E037077 seized on or about March 30, 2021 by Special Agents of the DEA;

k) Five (5) Rounds of .22 Caliber Ammunition seized on or about March 30, 2021 by Special Agents of the DEA;

l) One (1) FNH Five Seven 5.7x28mm Pistol Ser No: 386346562; Two 5.7x28mm Magazines seized on or about March 30, 2021 by Special Agents of the DEA;

m) Forty-Six (46) Rounds of 5.7x28mm Ammunition seized on or about March 30, 2021 by Special Agents of the DEA;

4

n) One (1) Beretta 3032 Tomcat .32 Caliber Pistol Ser No: DAA209357; .32 Caliber Magazine seized on or about March 30, 2021 by Special Agents of the DEA;

o) Seven (7) Rounds of .32 Caliber Ammunition seized on or about March 30, 2021 by Special Agents of the DEA;

p) One (1) Kimber Ultra Carry II .45 Caliber Pistol Ser No: KU115914 seized on or about March 30, 2021 by Special Agents of the DEA;

q) One (1).45 Caliber Magazine seized on or about March 30, 2021 by Special Agents of the DEA; and

r) Seven (7) Rounds of .45 Caliber Ammunition seized on or about March 30, 2021 by Special Agents of the DEA;

s) One (1) 14kt yellow gold nugget style bracelet seized on or about March 30, 2021 by Special Agents of the DEA;

t) One (1)14kt yellow gold nugget design diamond ring set with 15 round brilliant cut diamonds seized on or about March 30, 2021 by Special Agents of the DEA;

u) One (1) Rolex 218238 Day-Date 18K Yellow Gold Automatic Watch seized on or about March 30, 2021 by Special Agents of the DEA;

v) One (1) 10k yellow gold stamped chain with cross pendant 149 round brilliant cut diamonds 21.00 carats seized on or about March 30, 2021 by Special Agents of the DEA; and

w) One (1) 10k yellow gold tested chain 714 round brilliant cut diamonds estimated 19.00 carats seized on or about March 30, 2021 by Special Agents of the DEA;

(also referred to as the "Defendant Assets").

## STATUTORY BASIS FOR FORFEITURE

6.     Title 21, United States Code, Section 881, governs the civil

forfeiture of property which constitutes or is derived from the proceeds

of narcotics crimes, or which was used to facilitate narcotics crimes:

> The following shall be subject to forfeiture to the United
> States and no property right shall exist in them….[a]ll
> moneys, negotiable instruments, securities, or other things
> of value furnished or intended to be furnished by any person
> in exchange for a controlled substance or listed chemical in
> violation of this subchapter, all proceeds traceable to such an
> exchange, and all moneys, negotiable instruments, and
> securities used or intended to be used to facilitate any
> violation of this subchapter.

21 U.S.C. § 881(a)(6);

> Any firearm (as defined in section 921 of Title 18) used or
> intended to be used to facilitate the transportation, sale,
> receipt, possession, or concealment of [narcotics crimes].

21 U.S.C. § 881(a)(11).

## FACTUAL BASIS FOR CIVIL FORFEITURE

7.     The Defendant Assets are forfeitable to the United States of

America as property which was furnished, or was intended to be

furnished, in exchange for a controlled substance; as proceeds traceable

to such an exchange; and/or as monies which were used or were

intended to be used to facilitate a violation of Title 21 of the United

6

States Code; or firearms or ammunition used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of controlled substances, and are, therefore, subject to seizure and civil forfeiture pursuant to 21 U.S.C. §§ 881(a)(6) and 881(a)(11).

8.     The facts supporting these evidentiary determinations include, but are not limited to, the following:

a)     By March 2019 a DEA Strike Force had developed information and evidence that a drug-trafficking organization ("DTO") had conducted over a dozen bulk currency drops to couriers in the Detroit, Michigan metropolitan area totaling in excess of approximately $1,000,000.00 in suspected drug proceeds.

b)     In August 2020, the Strike Force learned of a DTO plan for a transfer soon to take place in Detroit of approximately $100,000 in drug proceeds.   The Strike Force was informed that DTO associate Jermaine Lett ("Lett") would be handing off the funds to a member of the DTO.

c)     On the afternoon of August 5, 2020 investigators observed Lett leave his residence on Salisbury Street in St. Clair Shores, Michigan.   The Roseville Police Department, in cooperation with DEA,

7

initiated a traffic stop of Lett in St. Clair Shores.   The police officer,

with the assistance of a K-9, searched the vehicle and recovered a FN

5.56X45mm fully loaded semi-automatic pistol, and a backpack

containing a dark colored knotted shopping bag holding wrapped

bundles of currency.   The currency was later counted and determined

to be $100,000 U.S. currency.   Lett told the officer the backpack and

the money belonged to him.   The officer seized the firearm and

currency, and later that day transferred them to DEA.

d)     Based on the traffic stop and seizure that occurred on

August 5, 2020, evidence that Lett conducted a bulk currency drop in

March 2021, and evidence that another money drop was planned, the

Strike Force obtained a State of Michigan search warrant for Lett's

Salisbury Street residence.   The Strike Force, with the assistance of

the Shelby Township Police Department, executed the search warrant

on March 30, 2021.

e)     During the search agents seized the following items for

forfeiture:

i.     $249,820.00 U.S. Currency; and

ii.     Two gold diamond necklaces, one with a gold diamond

cross pendant;

   iii.    One North American Arms NAA .22 Caliber Revolver loaded with five rounds of .22 caliber ammunition;

   iv.    One Smith & Wesson 29 Limited .44 Caliber Revolver loaded with six rounds of .44 caliber ammunition;

   v.    One Kimber PRO TLE II .45 Caliber Pistol loaded with a magazine and eight rounds of .45 caliber ammunition;

   vi.    $8,210.00 U.S. Currency;

   vii.    One gold bracelet and one gold ring;

   viii.    One gold Rolex Oyster Perpetual Day-Date watch;

   ix.    $77,152.00 U.S. Currency;

   x.    One FNH Five Seven 5.7x28mm Pistol loaded with a magazine, along with another magazine and 46 rounds of 5.7x28mm ammunition;

   xi.    $4,390.00 U.S. Currency;

   xii.    One Beretta 3032 Tomcat .32 Caliber Pistol loaded with a magazine and seven rounds of .32 caliber ammunition, one in the chamber;

   xiii.    One Kimber Ultra Carry II .45 Caliber Pistol loaded with a magazine and seven rounds of .45 caliber ammunition.

f)    Agents seized the currency, assorted jewelry, firearms, and ammunition found during the search as proceeds of, or property used or involved in drug trafficking in a violation of Title 21 of the United States Code.

## CLAIM

9.     Plaintiff hereby repeats and re-alleges each and every allegation set forth in paragraphs 1 through 8 above, including the subparagraphs thereunder.

10.     The Defendants *in rem* are subject to forfeiture to the United States of America pursuant to 18 U.S.C. § 983(a)(3)(A) and 21 U.S.C. §§ 881(a)(6) and (11) resulting from violations of 21 U.S.C. § 841(a)(1).

## RELIEF

Plaintiff, United States of America, respectfully requests that warrants for arrest of the Defendants *in rem* be issued; that due notice be given to all interested parties to appear and show cause why the forfeiture should not be decreed; that judgment be entered declaring the Defendants *in rem* condemned and forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

Saima S. Mohsin
Acting United States Attorney


s/CATHERINE MORRIS
CATHERINE MORRIS
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9562
Email: Catherine.Morris@usdoj.gov
(P84371)

Dated: August 6, 2021

## **VERIFICATION**

I, Scott A. Czopek, am a Task Force Officer with the Drug
Enforcement Administration. I have read the foregoing Complaint for
Forfeiture and assert under penalty of perjury of the laws of the United
States of America that the facts contained therein are true to the best of
my knowledge and belief, based upon knowledge possessed by me
and/or on information received from other law enforcement agents
and/or officers.

8-6-21

Dated:

Task Force Officer Scott A. Czopek
Drug Enforcement Administration

12